In the Matter of MAHLON F. PERKINS, JR., an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 19, 1979

### APPEARANCES OF COUNSEL

*Alan S. Phillips* of counsel *(Nicholas C. Cooper,* attorney), for petitioner.

*Patterson, Belknap, Webb & Tyler* for respondent.

### OPINION OF THE COURT

*Per Curiam.*

Respondent was admitted to the practice of law in the Second Judicial Department on May 5, 1950. On or about October 17, 1978, respondent was convicted in the United

States District Court for the Southern District of New York, by plea of guilty, of criminal contempt of court in violation of subdivisions (1) and (3) of section 401 of title 18 of the United States Code and subdivision (b) of rule 42 of the Federal Rules of Criminal Procedure (see US Code, tit 18, Appendix) and sentenced thereon to imprisonment for a term of one month. Respondent candidly joins in the motion by petitioner Departmental Disciplinary Committee for the First Judicial Department to confirm the Referee's report and accepts its findings and recommendation for discipline. Accordingly, the motion is granted and the report of the Referee should be confirmed.

As to the appropriate sanction, we note the following mitigating circumstances. Respondent's record is otherwise unblemished and while his dereliction is serious, his misconduct came to light through disclosures made by him and did not result in a miscarriage of justice. Consideration is given to respondent's service to the people of the United States in O.S.S., as well as to his extensive service to the people of his local community. Having served a term of imprisonment, suffered resignation from partnership in a major law firm, tarnishing of his previously impeccable reputation with consequent humiliation and disgrace, we believe that the conduct is not likely to recur, and, accordingly, we consider severe censure to be condign to the dereliction. Respondent should be severely censured.

MURPHY, P. J., SULLIVAN, MARKEWICH, LUPIANO and SILVERMAN, JJ., concur.

Respondent severely censured.